Jesus A. Uribe-Londono #18870-069
Federal Medical Center, Devens
Post Office Box 879
Ayer, MA 01432

Pro Se Defendant



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | : | Criminal Case No. |
| Plaintiff/Respondent, | : | 3:00-cr-92 |
| | : | Judge Jose A. Fuste' |
| -vs- | : | |
| | : | |
| JESUS ALBERTO URIBE-LONDONO | : | **MOTION FOR RETURN OF** |
| Defendant/Movant. | : | **PERSONAL PROPERTY** |

CONSOLIDATED MOTION, DECLARATION, AFFIRMATION AND ARGUMENT
SHOWING THE DEFENDANT IS ENTITLED TO THE RETURN OF
ALL HIS SEIZED PERSONAL PROPERTY

The Pro Se Defendant, **Jesus Alberto Uribe-Londono**, Moves this Honorable Court for the return of all his personal property seized by the Government that has not by the Due Process of Law been found by the Trier of Fact, subject to Forfeiture pursuant to 18 USC 2253. The Appellate Court has returned this matter for consideration by this Court, having found this Court properly denied the Defendant's earlier Motion For Return Of Property, because this case was still on Appeal before that Court. That Court also said that this issue is ripe for consideration by this Court now that all appeals have concluded. Therefore, the Defendant Moves this Honorable Court for an Order directing the Government to return all property seized from the Defendant that has not been found subject to Forfeiture in accordance with the Rules of Forfeiture, including but not limited to a legible copy of all data even if released to others.

- 1 -

I, **Jesus Alberto Uribe-Londono**, the Pro Se Defendant, hereafter the "Defendant", Declare and Affirm under Penalty of Perjury that the following is True and Correct:

I.   BACKGROUND

When the Defendant was arrested on 24 March 2000, and afterword, during the search of his apartment and office, the FBI seized multiple items of property belonging to the Defendant, the vast majority of which has not been returned to the Defendant to date. (SEE attached List of Seized Items that have not been returned)

On 20 March 2003, the Defendant filed in this Court a Motion for the Return of his seized Property.

On 10 March 2004, this Court Ordered the Return of Property not related to this case.

The Government failed to comply with the Order of this Court, and withheld most of the Defendant's Property without a showing it was related to this case; returning only the Defendant's clothing, swimming mask, snorkel, and maps of Puerto Rico, where the Defendant was on vacation.

On 10 January 2005, the Defendant filed a Motion to Show Cause in order to have the Government comply with the 10 March 2004 Order of this Court to return all property belonging to the Defendant that does not relate to the case.

On 31 March 2005, this Court denied the Defendant's Motion To Show Cause.

On 22 April 2005, the defendant file a Motion For Reconsideration.

On 2 June 2005, this Court denied the Motion For Reconsideration.

On 2 October 2005, the Defendant Appealed that denial to the First Circuit Court Of Appeals.

On 12 April 2006, the Court of Appeals denied the Defendant the relief he requested, finding the dismissal by this Court of his Motion For Return of Property was untimely filed, and therefore properly denied by this Court, because there had been no final resolution of the criminal conviction — an Appeal was still pending. That Court further found this Court had never been asked to consider the Due Process set forth in 18 USC § 2253, before this Court may issue an Order of Forfeiture of any Property of the Defendant. Therefore, this Motion is a request for this Honorable Court to consider whether any of the Property seized from the Defendant by the Government has received the Due Process determination necessary to subject any of the Defendant's Property to Forfeiture.

II.  ARGUMENT

There was no Court Order of Forfeiture issued in this case, nor the Due Process necessary to subject matter jurisdiction pursuant to Title 18 USC § 2253(a)&(e) for the Court to issue an Order of Forfeiture.

There is no reason to believe that a Due Process hearing that is required for the Forfeiture of Property would produce a requisite finding by the Trier of Fact, that all property owned by Uribe, that has not been returned, would be subject to Forfeiture as set forth in Title 18 USC § 2253(a).

On 10 March 2004, this Court ordered the return of Defendant's seized property that was not related to this case, but the Government failed to comply with that order, having returned only the Appellant's clothing items, swimming mask, snorkels, and maps of Puerto Rico.

Furthermore, the Government did not demonstrate that any seized property was related to the case, only stating "The United States

cannot ascertain that the totality of the documentary evidence seized relates to information that relates to minors, however it cannot certify the opposite". (SEE United States of Americas' Motion)

According to § 2253, the Due Process for Forfeiture of Property seized from a person convicted of an offense under 2251, 2252, etc. is: **(e) Order of Forfeiture.** The Court shall order forfeiture of property referred to in subsection (a) if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture.

The Due Process Clause of the Fifth Amendment proscribes a presumption on the part of any Court that any property seized from a Defendant convicted of crime is subject to Forfeiture. Both the Fifth Amendment and the Federal Statute require a Due Process of procedures by which any property seized from a convicted person is determined, beyond a reasonable doubt, by the Trier of Fact, that such property is lawfully subject to Forfeiture to the Government. Therefore, it matters not what procedure is used to issue an Order of Forfeiture; without the Due Process Hearing necessary to determine such property is subject to Forfeiture, any Order of Forfeiture is VOID for lack of subject matter jurisdiction, which can only be obtained from the Due Process Procedure by which it is determined said property is subject to Forfeiture, as set forth in § 2253.

The record is clear, there was no Due Process procedure whereby it was found by the Trier of Fact, that any property listed in the indictment, or any other property affected by the indictment, is subject to forfeiture upon the conviction of this Defendant. Neither has the Defendant waived any right he has to a Due Process Hearing to determine if his Property is subject to Forfeiture, leaving this Court without Jurisdiction to Order any Forfeiture.

The Government released a computer used by the Defendant, to his former employer, while retaining a copy of the contents of the hard drive of that computer. The fact that the Government released that computer with its contents, should make it obvious there was no illegal material contained therein. Furthermore, that material is of no small consequence to the defendant, because it contains his only copy of research he collected over the past 20 years, intrinsic to his worth to a client as an expert in the utilization of Natural Resources and protection of the environment in the process. While this material is of substantial importance to the Defendant, it is of little worth to the bank to which it was returned. Quite the contrary, the primary interest in the return of that computer as far as the bank is concerned is to clear that computer of all its data to make that computer available to another employee. Therefore, because the Government retained a copy of that hard drive content, and because the Government has an interest in earnings the Defendant is capable of, if given access to that information, to pay off the fine imposed by this Court, the Defendant is asking the Government to provide him with a copy of the contents of that hard drive.

The fact is most of the material the Defendant is requesting that the Government return is material that has already been released in one form or another but is simply not available to the Defendant. Another example is material given the Defendant, but the originals were kept by the Government, while the copies provided the Defendant were of such poor quality, they are virtually worthless. Therefore, in that case, the Defendant is asking for legible copies, and if the Government considers those copies adequate, let the Government deliver the originals to the Defendant and keep the copies.

It is also important to include in this Motion a request for the return of property seized that was not listed by law enforcement. These items are of infinite worth to the Defendant do to the fact that they are the irreplaceable fruits of years of research as a professional, and substantially effect any future worth that the Defendant might have to any future employer. Therefore, at a minimum, this loss, if those items cannot be returned, should command a replacement value of $150,000.00. (SEE attached exhibits)

In summary, this Motion For Return Of Personal Property should be Granted because the allegations of the Government at the previous hearing before this Court, that the only reason for not returning the remainder of the material and Property seized from the Defendant was because it contained illegal material that is the "very object of his conviction" no longer has the legal weight it had before there was a final resolution of this case. That claim was taken to such an extreme as to justify a refusal to return the personal business cards and passport of the Defendant and other such lawful business related materials, and there is no valid evidence or finding by the Trier of Fact to prove they should not be returned as requested. Therefore, the continued retention of that property is nothing short of an additional punishment, inflicted on the Defendant, in addition to the sentence imposed by this Court at the time of sentencing, which is unlawful and should not be allowed.

Therefore, because there has been no Due Process procedural determination about what property is subject to Forfeiture pursuant to 18 USC § 2253(a), the Defendant requests the return of all his seized property, lacking the Due Process necessary to legally Forfeit any of the Defendant's Property to the Government.

III. CONCLUSION

This Court should GRANT this Motion For Return of Personal Property, for the lack of Due Process required for the Forfeiture of any Property seized by the Government from the Defendant.

THEREFORE, the Pro Se Defendant, **Jesus Alberto Uribe-Londono**, Prays this Honorable Court direct the Government to return all Property seized from him; provide a legible copy of all material already released to others; and, in the event unlisted items are not returned, the Defendant be reimbursed for that loss in the amount of $150,000.00, as a sum to compensate the Defendant for that loss, that seriously impinges his worth as a professional; said property to be delivered to the following agent for the Defendant: Mr. Benny Soto, Post Office Box 195272, San Juan, Puerto Rico 00919, Phone No. (787) 531-7184.

RESPECTFULLY SUBMITTED, this 3rd day of May 2006, by:

_____
Jesus Alberto Uribe-Londono
Pro Se Defendant

CERTIFICATION OF SERVICE

This is to Certify under Penalty of Perjury that a True and Correct copy of the above entitled **Motion For Return Of Personal Property**, was duly served on the opposing party, by deposit with a prison staff member, along with the separate mailing to this Court of the Original of this document on the same dated, First Class United States Postage Pre-Paid and addressed to:

H.S. Garcia
United States Attorney
Torre Chardon Suite 1201
Carlos Chardon Avenue #350
Hato Rey, Puerto Rico 00918

this 3rd day of May 2006, by:

_____
Jesus Alberto Uribe-Londono
Pro Se Defendant

- 7 -