IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Criminal No. 00-92(JAF) |
| v. | |
| JESUS A. URIBE LODOÑO<br>Defendant. | |

## UNITED STATES OF AMERICA'S IN COMPLIANCE WITH THE COURT'S ORDER OF JUNE 6, 2006 IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its undersigned attorneys, and very respectfully states and prays as follows:

Defendant Uribe filed a Motion for Return of Property on May 9, 2006, requesting this Honorable Court an order directing the United States "to return all property seized from the defendant that has not been found subject to forfeiture in accordance with the rules of forfeiture including but not limited to a legible copy of all data even if released to others". The United States timely requested an extension to respond until July 17, 2006 which the Court graciously granted said extension.

The United States opposes defendant's request, first because the United States has already returned to defendant the personal items that the Court had ordered to be returned and second because any remaining evidence in the possession of the FBI was either contraband, such as marihuana, and child pornography among others, or evidence so related to the crime committed that contains information that will allow defendant to have contact with minors. The United States

United States' Motion in Opposition             2
Criminal No.00-92(JAF)
page 2

submits that the property returned to defendant's employer was property of the employer only and defendant has no standing to request that it would be returned to him; nor is the United States in liberty to provide any of the information obtained therefrom to defendant. The United States further submits that defendant is attempting to obtain contraband which contains sexually explicit material involving children and is masking this attempt with a request for return of property that was legally seized because it was used to commit a crime.

**FACTUAL BACKGROUND**

This case comes back from the First Circuit Court after defendant's conviction was affirmed. Defendant had filed a series of Motions for Return of Property which were finally denied by the District Court and defendant appealed that determination as well. Since the appeal of the request for return of property was filed and briefed before the appeal of the conviction of the criminal case was decided, the court of appeals affirmed the denial of the motion for return of property, instructing the defendant that he could renew his request now that the criminal appeal had been decided. (See Appeal Case # 05-2121, decided April 12, 2006)

On March 25, 2000, defendant was charged in a complaint with violations of Title 18 United States Code Section 2251(a). On April 19, 2000, the Grand Jury returned an indictment against defendant for the same violations (Docket #7) and on March 15 2002, defendant entered into a plea agreement with the United States pleading guilty to the indictment. (Dockets# 173-174)

The charged conduct involved the seduction of young boys whom defendant would approach at video games centers and such, under the pretext of being a TV soap opera producer searching for new talents. After defendant convinced he children to pose for him, he would use his cameras and

United States' Motion in Opposition            3
Criminal No.00-92(JAF)
page 3

video recorders to film them and then he would request that they take off their clothes while he performed oral sex to them while filming . Among the witnesses that were ready to testify at trial were two boys, 16 and 17 years old at the time of the offense.  One of the minors who was willing to testify stated that defendant gave him marihuana to smoke in more than one occasion.  At the time of the seizure, the FBI obtained a warrant to search the apartment where defendant was staying and found an address book full of names of underage males from different countries including but not limited to Brazil, and Venezuela, among others.  Next to their names, defendant would write their age, their internet name, address and other personal information. A legal search warrant was also conducted at defendant's office at Banco Iteramericano, in Washington, D.C.

At the eve of trial, defendant pled guilty.  On  July 10, 2002, he was sentenced to a concurrent term of imprisonment of 120 months as to each count of the indictment charging him with sexual exploitation of children, in violation of Title 18 United States Code Section 2251(a), a fine of $15,000.00, Special Monetary Assessment of $200.00 and a 3 years term of supervised release.

On March 28, 2003, defendant filed the first of a series of motions[1] (docket #214) requesting the return of property seized at the time of his arrest, which included among other, the video camera and, the tripod he used to film minors engaging in sexually explicit conduct.  Defendant additionally requested the return of address books and agendas which contained the names and addresses of minors.  Moreover, defendant requested the return of property that did not even belong to him, such

---

[1] Docket #217, June 10, 2003, defendant's Reply to response by the United States; docket #230, February 24, 2004, Request for return of property; docket # 234, January 21, 2005, Request for remedy; docket # 237, April 22, 2005, Request for reconsideration)

United States' Motion in Opposition         4
Criminal No.00-92(JAF)
page 4

as the office computer that belonged to his then employer, Banco Interamericano (World Bank) in Washington D.C.    This Honorable Court requested the United States an inventory of the property seized from defendant and ordered the return of the property not related to the case, which was provided to the Court on May 5, 2003 (docket #216).

**UNITED STATES COMPLIANCE**

Beginning September 16, 2003, the United States initiated efforts to return to defendant the property not related to the case to defendant. The United States requested defendant the information as to whom defendant's property was to be delivered, without much success. In the meantime, defendant kept requesting the return of items that were evidence in the criminal case, like the aforementioned cameras, video cameras, address books containing names and addresses of minors, and other items that are directly related to the crime committed as they were contraband. Moreover, providing defendant with the address book and the computer's address files and images, would represent a danger to the minors listed therein.

F.B.I. Agent Artec Cardona informed that the following property were returned its legal owner and defendant's employer, Banco Interamericano in Washington D.C. by F.B.I. Agent Karen Nester on August 23, 2000,

    a.   Computer Hard Drive
    b.   Computer Speakers
    c.   Computer Printer
    d.   Computer Monitor
    e.   keyboard

On January 30, 2004 a person by the name of Betzaida Castro contacted FBI Task Force Agent Mercedes Torres, on behalf of defendant's daughter, to inform that she would be picking up

United States' Motion in Opposition            5
Criminal No.00-92(JAF)
page 5

the property to be returned to defendant.  On February 24, 2004, Betzaida Castro picked up defendant's items that were not related to the case as ordered by the Court

On February 25, 2004, Agent Torres delivered defendant's passport to the Immigrations Department at Tabonuco Street, Guaynabo , Puerto Rico, since defendant is a citizen of Brazil[2].

The United States returned the following items to defendant through the person designated by defendant in view of the fact the FBI does not return property by mail to defendants in prison and the Bureau of Prisons does not receive returned property of inmates:

      a.    All clothing items described in the FD-192 report.
      b.    Mask and Snorkel
      c.    Maps of Puerto Rico

The United States objected at the time, and continues to object the return any and all videos, magazines, photographs that were seized as such or contained in the computer disks seized from defendant because their content includes images of sexually explicit conduct involving minors, which is legally defined as contraband, directly or indirectly related to the offense charged (derivative contraband). The United States objected, and objects, to return to defendant any and all written records, agendas, calendars, business cards and other documentary evidence which contains addresses and phone numbers of individuals that, in more than one case, were identified as minors due to the annotations defendant made next to their names. The United States cannot ascertain that the totality of the documentary evidence seized relates to information involving minors, however it cannot certify the opposite.

---

[2] See Response filed by the United States on May 5 2003, Docket #216.

United States' Motion in Opposition    6
Criminal No.00-92(JAF)
page 6

**ARGUMENT**

The First Circuit Court returned this case to the district to determine, when criminal proceedings have terminated, if the United States may retain non-contraband items without instituting forfeiture proceedings. Nevertheless, the position of the United States is that the items retained are non returnable derivative contraband items and the government had legitimate reasons not to return said items.

A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief. See *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir.2000) (en banc)

The general rule is that property that is seized as evidence should be returned to its rightful owner once criminal proceedings have terminated, unless the property itself is contraband, or the government forfeits the property under applicable forfeiture statutes. See *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001); *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990). Property seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded. *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir.1991). A defendant is indeed presumed to have a right to the return of his property once the property is no longer needed as evidence, and the government has the burden of showing that it has a "legitimate reason to retain the property." *See United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987). See also, *U.S. v. Kaczynski*, 416 F.3d 971, *974 ( 9th Cir. 2005).

United States' Motion in Opposition            7
Criminal No.00-92(JAF)
page 7

First, a forfeiture proceeding is not the exclusive means for the government to quiet title to property it has seized in connection with criminal activity. The government may also settle the issue of title to the confiscated property in an equitable proceeding brought by the claimant for the return of the property. See *United States v. Minor*, 228 F.3d 352, 355-57 (4th Cir. 2000) (holding that an equitable cause of action lies for a claimant seeking to invalidate an administrative forfeiture and recover currency seized during drug arrest); see also *Alli-Balogun v. United States*, 281 F.3d 362, 371 (2nd Cir. 2002) (explaining that alternative to forfeiture proceedings is "opposi[tion] [to] a ... civil equitable motion filed by the claimant"); *United States v. Clymore*, 245 F.3d 1195, 1200 (10th Cir. 2001) ("The government ... does not have to quiet title to ... property only through civil forfeiture proceedings ... [T]he government may [instead] be awarded quiet title to confiscated property in a civil equitable proceeding ... brought by one who alleges a lawful right to possession.").

When the government fails to utilize the statutory forfeiture process, it can still perfect its title to the seized property, but rather than do so by means of a judicial forfeiture proceeding, it is relegated to opposing a Rule 41(e) or civil equitable motion filed by the claimant. See *Alli-Balogun*, 281 F.3d at 371; *Clymore*, 245 F.3d at 1201.

The plain language of Rule 41(e) allows persons whose property has been seized by the government to petition the district court for the return of the confiscated property. See Fed.R.Crim.P. 41(e). Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property. Felici, 208 F.3d at 670; see also *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990); *United States v. Story*, 170 F.Supp.2d 863, 866 (D.Minn. 2001) ("If there are questions of fact as to whether

<u>United States' Motion in Opposition</u>       8
Criminal No.00-92(JAF)
page 8

it is legal for the petitioner to own the property, the district court must conduct a hearing to make a factual determination.").

As a threshold matter, however, Rule 41(e) contemplates the existence of a factual dispute as to whether the petitioner lawfully is entitled to possess the challenged property. When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. *Felici*, 208 F.3d at 670; see also *Bagley*, 899 F.2d at 708.

Uribe may not recover the pornographic videos, magazines, photographs and computer disks that were seized from him. Those items that depict minors engaging in sexual conduct are illegal to own, and were the very object of his conviction. See 18 U.S.C. §§ 2251, 2252; see also Judgment (Docket # 186), p. 1; Plea Agreement (Docket # 173), Version of the Facts; Pre-sentence Report (Docket # 183), the Offense Conduct. Therefore, the district court could properly conclude without receiving evidence that Uribe is not entitled to a return of the pornographic items he seeks. See *Felici*, 208 F.3d at 670 (Because federal law prohibits convicted felons from possessing guns, the district court could properly conclude without receiving evidence that the defendant was not entitled to the return of firearms seized by the government in search of his residence, and, thus, the court properly denied the petitioner's motion for the return of his firearms without holding an evidentiary hearing.); see also *Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978) (The defendant is not entitled to the return of contraband property.); *Story*, 170 F.Supp.2d at 867 (No hearing was required to determine that the defendant could not recover false identifications, guns and ammunition, because there is no question of fact that his possession of them would be illegal.);

United States' Motion in Opposition        9
Criminal No.00-92(JAF)
page 9

*United States v. Henderson*, 2002 WL 1611653 (N.D.Ill. 2002) (As a matter of law, the defendant was not entitled to the return of photographs depicting gang activity because they are considered contraband.).

As for the remaining items – the video camera equipment, and the logs, books and documents containing information about minors – they were instruments of the offense of conviction. See Plea Agreement (Docket # 173), Version of the Facts; Pre-sentence Report (Docket # 183), the Offense Conduct; Change-of-Plea Hearing (Docket # 174, 180), pp. 11-12. Accordingly, the district court could deny Uribe's Rule 41(e) motion without receiving additional evidence based upon the doctrine of "unclean hands" or the property's status as "derivative contraband."

Derivative contraband is property that may be lawfully possessed but which became forfeitable because of unlawful use. *Felici,* 208 F.3d at 670; see also *United States v. Eighty-Eight Thousand, Five Hundred Dollars*, 671 F.2d 293, 297 n. 8 (8th Cir. 1982). The doctrine of "unclean hands" is an equitable doctrine that allows a court to withhold equitable relief if such relief would encourage or reward illegal activity. Felici, 208 F.3d at 670-71; see also *United States v. Giovanelli*, 807 F.Supp. 351, 357 (S.D.N.Y. 1992), rev'd on other grounds, 998 F.2d 116 (2nd Cir. 1993).

Although the government did not initiate an enforcement action in this case, "such a failure should not prevent the government from being able to assert, in resistance to a Rule 41(e) motion, a limited derivative contraband theory, i.e., that the items sought to be returned were in fact utilized or intended to be utilized by the person who possessed them for the [sexual exploitation of minors]." Felici, 208 F.3d at 671; see also *In re Search of Office of Tylman*, 245 F.3d 978, 980 (7th Cir. 2001) ("[T]he test of whether property should be returned is whether the government's retention of it is

United States' Motion in Opposition   10
Criminal No.00-92(JAF)
page 10

reasonable. ..."); Advisory Committee Notes to Federal Rule of Criminal Procedure 41(e). Therefore, the United States submits that it makes scant sense to return to a convicted sexual predator the tainted tools used or intended to be used in his illegal sexual activities with minors. See id. (It makes no sense to return to a convicted drug dealer the tainted tools used or intended to be used in his illegal trade.); see also Shirazi v. United States, 2002 WL 31055964, *2 (N.D.Ill. 2002) ("The government does have certain property in its possession ... [which] consists of two computers, a magnetic card reader, a Hewlett Packard palm PC, a computer modem, computer disks, counterfeit traveler's checks, credit cards and false identifications and various papers. **Shirazi used the majority of this property ... to facilitate his criminal activities. He is not entitled to the return of the instrument of his crime**."). (our emphasis)

  Because the defendant was not entitled to the return of the seized property as a matter of law, this district court properly denied his motion for return of property without the need for a hearing.

  WHEREFORE, the United States of America respectfully requests that this Honorable Court DENY defendant's request for return of property.

  RESPECTFULLY SUBMITTED.

  In San Juan, Puerto Rico, this 17th day of July 2006.

             ROSA EMILIA RODRIGUEZ-VELEZ
             United States Attorney

             /s Maritza González
             Maritza González
             U.S.D.C.P.R.  No.208801
             Assistant U.S. Attorney
             Torre Chardon Suite 1201
             Carlos Chardón Avenue #350
             Hato Rey, Puerto Rico  00918

<u>United States' Motion in Opposition</u>    11
Criminal No.00-92(JAF)
page 11

Tel. 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this date a true and correct copy of the foregoing motion has been mailed to: Jesus A. Uribe Lodono, F.C.I. Fort Dix Unit 5751, P.O.Box 2000, Reg. No. 18870-069, Fort Dix, New Jersey 08640-0902

<u>s/Maritza González</u>
Maritza González
Assistant U.S. Attorney