Jesus A. Uribe-Londono #18870-069
Federal Medical Center, Devens
Post Office Box 879
Ayer, MA 01432

Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | Criminal Case No.<br>00-92(JAF) CC |
| -vs- | |
| JESUS A. URIBE-LONDONO,<br>  Defendant. | MOTION FOR RECONSIDERATION |

CONSOLIDATED MOTION, DECLARATION AND AFFIRMATION
SHOWING THE PLAINTIFF FAILED TO MEET THE STANDARD FOR WITHHOLDING
DEFENDANT'S PROPERTY ONCE HIS CONVICTION WAS FINAL

The Pro Se Defendant, **Jesus A. Uribe-Londono**, respectfully Moves this Honorable Court to Reconsider the 18 July 2006 Order of this Court, wherein this Court denied the Defendant's Motion requesting the return of personal property seized by the Government. This Motion asks this Court for Reconsideration on three grounds:

 1.   The Order of this Court issued before the Defendant was accorded a Due Process opportunity to be heard on Reply;

 2.   The Plaintiff has misrepresented the facts in this Case as to the evidence found in property sought by the Defendant; and,

 3.   The Plaintiff has relied on the standard for retaining property appropriate before a conviction is final, but failed to meet the standard for retaining property once a conviction is final. Therefore, the Pro Se Defendant prays this Honorable Court will Reconsider its 18 July 2006 Order denying Defendant's Motion.

- 1 -

DECLARATION AND AFFIRMATION

I, **Jesus A. Uribe-Londono**, the Pro Se Defendant, hereafter the "Defendant", Declare and Affirm under Penalty of Perjury that the following is True and Correct to the best of my knowledge:

1. The 18 July 2006 Order of this Court issued before Defendant was accorded a Due Process opportunity to be heard on Reply:

    a. The Plaintiff mailed the United States Of America's In Compliance With The Court's Order Of June 6, 2006 In Opposition To Defendant's Motion For Return Of Property, to the wrong address, thereby denying the Defendant his Due Process Right to Reply to the Plaintiff's Opposition before this Court considers that Motion;

    b. Said Opposition was mailed to F.C.I. Fort Dix Unit 5751, P.O.Box 2000, Fort Dix, NJ 08640, even after using Defendant's current address in all mailing to the Defendant since November 2005;

    c. The Defendant did not receive delivery of said Objections until 31 July 2006;

    d. This Court issued its Order denying Defendant's Motion 18 July 2006, the day after the filing of the Plaintiff's Objections, which was the same day the Plaintiff mailed Objections to Defendant, using the wrong address, thereby denying the Defendant any hope of exercising his Due Process Right to timely Reply to the Plaintiff's Objections before this Court considers the arguments from both sides and subsequently issues its decision; and,

    e. This Court did not mail a copy of its 18 July 2006 Order until 28 July 2006, thereby denying Defendant his Due Process Right to timely file the instant Motion For Reconsideration.

Therefore, the Defendant Prays this Honorable Court will allow the filing of this Motion and Reconsider its 18 July 2006 Denial.

2. The Plaintiff misrepresented the facts to allege Property sought was Contraband, where there was no Proof of Contraband:

a. The Plaintiff failed to demonstrate to this Court that any child pornography was found in any seized magazine;

b. There is no evidence the Defendant approached young boys at a video games center;

c. There is no evidence the Defendant gave a minor any amount of marihuana;

d. There is no evidence the Defendant's address book contained a single name of a minor;

e. There is no evidence the Defendant's address book contained the name of any minors living in Venezuela;

f. There is no evidence the Defendant wrote the age or internet name of a minor next to a name in his address book;

g. There is no evidence the Defendant had information about any minor on the hard drive of his computer or computer discs;

h. There is no evidence the Defendant's written records, agendas, calendars, business cards or other documentary evidence contained any reference to or sexual preference for minors; and,

i. While there were many videos and pictures seized from the Defendant, only a small portion of one video and the camera with which it was taken, have any connection with the crime to which the Defendant plead guilty, and the Defendant does not seek the return of either of those items.

Therefore, the position of the Plaintiff that the items the Defendant wishes to recover are contraband is without foundation and should have no standing in a court of law where the standard for the Forfeiture of Property is proof beyond a reasonable doubt.

3. The Plaintiff has relied on the standard for retaining property appropriate before a conviction is final, but failed to meet the standard for Forfeiture once a conviction is final:

    a. The Court of Appeals upheld the Order of this Court that dismissed the Defendant's effort to recover all property save one video recording and one video camera, on the grounds that until there is a final resolution to the case, all the Plaintiff need show is a possibility property may contain evidence of crime;

    b. The Court of Appeals held that a final conclusion to his conviction having occurred, the Defendant may now seek the recovery of property previously unavailable to him, based on legal protections he did not enjoy until his conviction was final;

    c. Now that there has been a final conclusion to his conviction, the Due Process by which the Plaintiff may retain that property seized from the Defendant is contained in 18 USC § 2253;

    d. The only items seized from the Defendant that might qualify for Forfeiture under § 2253 are one video and one camera;

    e. No other items quality for Forfeiture under the Due Process of Law, because none of that material contains information relating to a crime, and proof of that is found in that the Plaintiff gave the Defendant a photo copy of most of that material, although unlegible, which would not have occurred if it contained contraband.

Therefore, the issue before this Court is no longer whether the Plaintiff can certify no contraband is contained in a particular item, as was the case before the Defendant's conviction was final, before property is to be returned to the Defendant; but, whether Plaintiff has proved beyond a reasonable doubt contraband is found therein; and, that standard has not been met on any item save a video and camera.

A careful review of the facts in this case will show Defendant was a victim of a very clever scheme by Law Enforcement Officers to make legal sexual activity between consenting adults a crime, using young males that represent themselves as adults, whose physical characteristics and sexual aggression appear to support that claim, who pray on tourists filming the sights and scenes of interest to them, as a means of recording sexual activity that was legal, when even if the alleged victims were minors, they were of the age of consent, and the only thing that made the events of that day illegal was the recording that was made and handed to police by said victim. Nowhere on the video recording made before the alleged victim had an influence on what was recorded was there found any recording of a minor or anything that would suggest a sexual interest in minors. After searching the Defendant's home, and his office computer, the Plaintiff has found nothing to indicate a sexual interest in minors. Nevertheless, the Plaintiff has used unsubstantiated allegations that sexually explicit material or evidence of a sexual interest in minors is to be found in the material yet to be returned to Defendant as a means of making it appear their actions have been to protect the public, when in fact said actions were to circumvent Rights Protected under the United States Constitution to which Defendant was entitled by making protected homosexual activity a crime; and, those actions do not protect the public, but they place in danger the Constitutional Rights of all citizens to a sexual orientation of their choosing, between persons of legal age of consent. Therefore, the Plaintiff has not and cannot show any legal basis for denying the Defendant the return of all property seized from him save the one video and his video camera.

While the Plaintiff is correct in claiming the computer that was returned to the Bank was Bank property to which the Defendant had no valid claim, the Plaintiff has a copy of the information contained in that computer's hard drive, which the Defendant is requesting the Plaintiff deliver to him since the case is closed, If that information did not belong to the Defendant it would not be something the Plaintiff could search for evidence of criminal behavior on the part of the Defendant, or a propensity to the same. Therefore, because that information was withheld from the Bank when it returned the computer to the Bank, to search for evidence against the Defendant, that information clearly belongs to the Defendant, now that the case is closed the Plaintiff has no valid reason to retain that information, and Defendant has a lawful claim to it.

Furthermore, the Defendant makes no demand for the delivery of marihuana or pornographic magazines for that matter. All he seeks is the hardware and software that appertain to his legal occupation as an Environmental and Natural Resources Specialist, which includes all other property seized from the Defendant with the single exception of that property returned to the Bank.

THEREFORE, the Pro Se Defendant **Jesus A. Uribe-Londono**, Prays this Honorable Court will direct the Plaintiff to return to him the originals and all copies of all evidence seized, along with all electronic equipment, save the one video that contained evidence that was the subject of this conviction, the camera used to produce that video, and hardware already returned to the Bank.

RESPECTFULLY SUBMITTED, this 8th day of August 2006, by:

_____
Jesus A. Uribe-Londono
Pro Se Defendant

- 6 -

CERTIFICATION OF SERVICE

This is to Certify that a True and Correct copy of the above entitled **Motion For Reconsideration**, was served on opposing party by deposit with a staff member of this Instituiton, first class postage pre-paid and addressed to:

Ziara Oliver
U.S. Attorneys Office
Torre Chardon Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918

this 8th day of August 2006, by: _____
Jesus A. Uribe-Londono

NOTE: It is error for the Plaintiff to claim the Defendant is a citizen of Brazil. The Defendant is a citizen of Colombia, subsequently his passport is from Colombia. The Plaintiff states that passport was delivered to Immigrations Department at Tabonuco Street, Guaynabo, Puerto Rico, which is within this Court's Jurisdiction. Therefore, the Defendant asks this Court to order the return of his passport, or provide him with a receipt that will allow him or his representative to recover the same on his behalf.

FR: Jesus A. Uribe-Londono #18870-069         8 August 2006
    Federal Medical Center, Devens
    Post Office Box 879
    Ayer, MA 01432

TO: Clerk, U.S. District Court
    Room 150 Federal Building
    San Juan, PR 00918-1767

RE: UNITED STATES v URIBE-LONDONO
    Criminal Case No. 00-92(JAF)

Dear Clerk:

Please file the enclosed **Motion For Reconsideration.** Also, please mark the extra copy of the first page with the date filed and return in the stamped, self addressed envelope for my records.

Thank you for your assistance in this matter.

                    Respectfully Submitted,

                    Jesus A. Uribe-Londono




Jesus A. Uribe-Londono #18870-069
Federal Medical Center, Devens
Post Office Box 879
Ayer, MA 01432

Clerk, U.S. District Court
Room 150 Federal Building
San Juan, PR 00918-1767

LEGAL MAIL

DATE:

The enclosed letter was received for special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to

Federal Medical Center
Devens, Massachusetts 01432

AUG 9 2006