IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

       Plaintiff,                        Criminal No.  00-92(JAF)

       v.

JESUS A. URIBE LODOÑO
       Defendant.

---

<u>**UNITED STATES OF AMERICA'S MOTION IN OPPOSITION TO MOTIONS FOR
SANCTIONS**</u>

TO THE HONORABLE COURT:

       COMES NOW, the United States of America, by and through its undersigned attorneys, and very respectfully states and prays as follows:

       On March 14, 2008, the Court received a motion pro se in which defendant requests that the Honorable Court impose sanctions be imposed to the Government and damages be paid to him in the amount of $250,000.00 for items purportedly not returned to him upon his conviction (Docket 276).   The motion also requested the Court to appoint counsel from the Federal Public Defenders Office.

       Defendant fails to provide a legal basis for his request or evidence regarding the value of the items not returned to defendant, which the United States submits is nowhere near the $250,000.00 assessed in the motion.   Moreover, defendant has not provided proof to support his request for damages since the United States has not waive its immunity to be sued for damages in this case. The United States opposes defendant's request for sanctions and damages, and respectfully petitions this Court to deny it.

## SUMMARY FACTUAL BACKGROUND

On March 25, 2000, defendant was charged in a complaint with violations of Title 18 United States Code Section 2251(a). On April 19, 2000, the Grand Jury returned an indictment against defendant for the same violations (Docket #7) and on March 15 2002, defendant entered into a plea agreement with the United States pleading guilty to the indictment. (Dockets# 173-174)

The charged conduct involved the seduction of young boys whom defendant would approach at video games centers and such, under the pretext of being a TV soap opera producer searching for new talents. After defendant convinced he children to pose for him, he would use his cameras and video recorders to film them and then he would request that they take off their clothes while he performed oral sex to them while filming . Among the witnesses that were ready to testify at trial were two boys, 16 and 17 years old at the time of the offense. One of the minors who was willing to testify stated that defendant gave him marihuana to smoke in more than one occasion.

Defendant pled guilty and was sentenced in July 2002, to a concurrent term of imprisonment of 120 months as to each count of the indictment charging him with sexual exploitation of children, in violation of Title 18 United States Code Section 2251(a), a fine of $15,000.00, Special Monetary Assessment of $200.00 and a 3 years term of supervised release.

## RETURN OF PROPERTY SEIZED

Beginning September 16, 2003, the United States initiated efforts to return to defendant the property not related to the case to defendant. The United States requested defendant the information as to whom defendant's property was to be delivered, without much success. In the meantime, defendant kept requesting the return of items that were evidence in the criminal case, like the

<u>United States' Motion In Opposition</u>          3
Criminal No.00-92(JAF)
page 3

aforementioned cameras, video cameras, address books containing names and addresses of minors,

and other items that are directly related to the crime committed as they were contraband. Moreover,

providing defendant with the address book and the computer's address files and images, would

represent a danger to the minors listed therein.

F.B.I. Agent Artec Cardona informed that the following property were returned its legal

owner and defendant's employer, Banco Interamericano in Washington D.C. by F.B.I. Agent Karen

Nester on August 23, 2000,

        a.    Computer Hard Drive
        b.    Computer Speakers
        c.    Computer Printer
        d.    Computer Monitor
        e.    keyboard

On January 30, 2004 a person by the name of Betzaida Castro contacted FBI Task Force

Agent Mercedes Torres, on behalf of defendant's daughter, to inform that she would be picking up

the property to be returned to defendant. On February 24, 2004, Betzaida Castro picked up

defendant's items that were not related to the case as ordered by the Court

On February 25, 2004, Agent Torres delivered defendant's passport to the Immigrations

Department at Tabonuco Street, Guaynabo , Puerto Rico, since defendant is a citizen of Brazil[1].

The United States returned the following items to defendant through the person designated

by defendant in view of the fact the FBI does not return property by mail to defendants in prison and

the Bureau of Prisons does not receive returned property of inmates:

---

[1] See Response filed by the United States on May 5 2003, Docket #216.

<u>United States' Motion In Opposition</u>          4
Criminal No.00-92(JAF)
page 4

      a.     All clothing items described in the FD-192 report.
      b.     Mask and Snorkel
      c.     Maps of Puerto Rico

The United States objected at the time the return any and all videos, magazines, photographs that were seized as such or contained in the computer disks seized from defendant because their content includes images of sexually explicit conduct involving minors, which is legally defined as contraband, directly or indirectly related to the offense charged (derivative contraband). In addition to that, the United States objected, to return to defendant any and all written records, agendas, calendars, business cards and other documentary evidence which contains addresses and phone numbers of individuals that, in more than one case, were identified as minors due to the annotations defendant made next to their names. The United States cannot ascertain that the totality of the documentary evidence seized relates to information involving minors, however it cannot certify the opposite. Nevertheless, the documents reported by defendant which represent bank or credit card statements are documents that he can readily obtain from the financial institutions involved and do not entail the payment of the amount of $250,000.00 in expenses.

The FBI has reported that the items not returned to defendant were destroyed in compliance with their rules and regulations.[2]

## LEGAL ARGUMENT

Federal Rule of Criminal Procedure 41(e) allows persons whose property has been seized by the government to petition the district court for the return of the confiscated property. <u>See</u>

---

[2] FBI Monica Cardenas prepared a declaration that will be submitted on or before April 4, 2008.

Fed.R.Crim.P. 41(e). The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated. *United States v. LaFatch,* 565 F.2d 81, 83 (6thCr.1977), cert. denied, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978)). However, a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property. *United States v. Francis,* 646 F.2d 251, 263 (6th Cir.), *cert. denied,* 454 U.S. 1082, 102 S.Ct. 637, 70 L.Ed.2d 616 (1981). The government's interest may take different form as long as it is a legitimate interest. See *Sovereign News v. U.S.,* 690 F.2d at 577 (use in investigation); *Francis,* 646 F.2d at 263 (right to levy).

Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property.  <u>*U.S. v Felici*</u>, 208 F.3d at 670; <u>see also</u> *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990); *United States v. Story*, 170 F.Supp.2d 863, 866 (D.Minn. 2001)

As a threshold matter, however, Rule 41(e) contemplates the existence of a factual dispute as to whether, first the property was actually seized and second, that  the petitioner is  lawfully entitled to possess the requested property.  In the present case, defendant was not established the first factual issue, the actual seizure of any property belonging to him.  In view of the lack of evidence to support his position, defendant's request under should be dismissed.

## DAMAGES

There can be no claim against the government for money damages unless there is a statute that expressly grants a damages remedy. *See United States v. Testan*, 424 U.S. 392, 400-401 (1976). For example, the United States has not waived sovereign immunity with respect to a suit against it

directly under the Constitution for money damages. *Garcia v. United States*, 666 F.2d 960 (5th Cir.

1982); *Jaffee, id.; Holloman v. Watt*, 708 F.2d 1399, 1401-1402 (9th Cir. 1983)

Sovereign immunity is a threshold defense that should be considered when responding to any

complaint. Federal courts are courts of limited jurisdiction, so a complaint must show on its face that

the court has jurisdiction over the matter. A suit against the government cannot proceed absent a

waiver of sovereign immunity.

It is fundamental that the United States is immune from suit except as it consents to be sued

and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.

*United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity "cannot be

implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4 (1969)*; United

States v. Nordic Village, Inc.,* 503 U.S. 30, 33 (1992).

A statute waiving the sovereign immunity of the United States must be construed strictly.

*Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680,

685-686 (1983). Indeed, such a waiver is to be read no more broadly than its terms require. Shaw,

id. (interest provision superseded by 28 U.S.C. 2674, to allow post judgment interest).

The federal courts are courts of limited jurisdiction. Congress determines the subject matter

jurisdiction of federal district courts. Under Rule 8 of the Federal Rules of Civil Procedure, the

complaint must state a short and plain statement of the grounds upon which the court's jurisdiction

depends. Thus, a plaintiff should allege the statutory basis for subject matter jurisdiction in federal

court.

In the present case, defendant  has not alleged the statutory basis for subject matter

jurisdiction.  Defendant has also failed to provide the factual basis for the requested damages.  sEE

*FDIC v. Rocket Oil Co.*, 865 F.2d 1158 (CA10 1989) (Where the judgment on damages was not

supported by the evidence, the damages have not been ascertained" in any meaningful way.)

Therefore, the United States submits that defendant's request for damages should be denied.

## SANCTIONS

Courts' inherent power to impose sanctions for bad-faith conduct is not displaced by sanction

scheme of statute and rules. *Chambers v. NASCO Inc*, 501 U.S. 32, 111 S. Ct. 2123 (1991); 28

U.S.C.A § 1927; Fed.Rules Civ.Proc.Rules 11, 16(f), 26(g), 30(g), 37, 56(g), 28 U.S.C.A.   The

Court must exercise caution in invoking its inherent power, and must comply with mandates of due

process, both in determining that requisite bad faith supporting sanction exists and in assessing

attorney fees. *Chambers*, supra.  The Supreme Court has warned that   " ***Because of their very***

***potency, inherent powers must be exercised with restraint and discretion***". Citing, *Roadway*

*Express, supra,* 447 U.S., at 764, 100 S.Ct., at 2463. A primary aspect of that discretion is the ability

to fashion an appropriate sanction for conduct which abuses the judicial process.

The Court of Appeals remanded the case in order for the District Court to clarify issues that

it suggested needed clarification.  Regarding the proceedings prior to the Court of Appeals remand,

nothing on the record reflects any kind of delay tactic in the part of the government.  Moreover, the

United States returned property to defendant under the Federal Rules of Criminal Procedure 41(g).

(See *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259, 95 S.Ct. 1612, 1622,

44 L.Ed.2d 141(1975)( an exception to the "American rule"... allows federal courts to exercise their

inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously,

<u>United States' Motion In Opposition</u>          8
Criminal No.00-92(JAF)
page 8

wantonly, or for oppressive reasons)

     The United States respectfully submits that the actions engaged in order to return property to defendant are part of the record, clearly more in tune with persistent diligence rather than "obstinance", bad faith or vexatiousness.

<h3 style="text-align:center"><b>CONCLUSION AND PRAYER</b></h3>

     For the above reasons, the United States very respectfully requests this Honorable Court to dismiss defendant's petition for return of the property.

     WHEREFORE, the United States of America respectfully requests that this Honorable Court takes notice and DENY defendant's motion.

     RESPECTFULLY SUBMITTED.

     In San Juan, Puerto Rico, this 31st,  day of March,  2008.

                  ROSA EMILIA RODRIGUEZ-VELEZ

                  United States Attorney

                  */s M. González*

                  Maritza González-Rivera

                  U.S.D.C.P.R.  No.208801

                  Assistant U.S. Attorney

                  Torre Chardon Suite 1201

                  Carlos Chardón Avenue #350

United States' Motion In Opposition          9
Criminal No.00-92(JAF)
page 9

Hato Rey, Puerto Rico  00918

Tel. 766-5656

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this date a true and correct copy of the foregoing motion has

been mailed to: Jesus A. Uribe Lodono, F.C.I. Fort Dix Unit 5751, P.O.Box 2000, Reg. No. 18870-

069, Fort Dix, New Jersey 08640-0902

/s M.González

Maritza González -Rivera

Assistant U.S. Attorney